| UNITED STATES DISTRICT COURT | | EASTERN DISTRICT OF TEXAS |
|---|---|---|

FRAZIER PORTER, §
§
    Plaintiff, §
§
*versus* § CIVIL ACTION NO. 1:19-CV-174
§
TDCJ-CID EMPLOYEES, *et al.*, §
§
    Defendants. §

**MEMORANDUM ORDER OVERRULING PLAINTIFF'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff Frazier Porter, an inmate confined at the Jester III Unit in Richmond, Texas, proceeding *pro se*, brought this motion for extension of time to file a lawsuit pursuant to 42 U.S.C. § 1983.

The court referred this matter to the Honorable Keith F. Giblin, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The Magistrate Judge recommends this action be dismissed without prejudice.

The court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such referral, along with the record, pleadings and all available evidence. Plaintiff filed an addendum to his motion for extension of time following his receipt of the magistrate judge's Report and Recommendation (docket entry no. 4). Liberally interpreted, plaintiff's addendum is construed as objections to the Report. This requires a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b). After careful consideration, the court concludes plaintiff's objections are without merit.

Plaintiff requests an extension of time to file a lawsuit, asserting he intends to file a prisoner civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff argues he may be entitled to equitable tolling. However, plaintiff acknowledges that the statute of limitations for his claims will not expire until July 16, 2019, two years from the date of the incident which will form the basis of his future complaint. Accordingly, the magistrate judge determined that plaintiff's motion

for extension of time fails to present a case or controversy and should be dismissed. As the magistrate judge found, federal courts cannot render advisory opinions. *See Ward v. Santa Fe Independent School Dist.*, 393 F.3d 599, 604 (5th Cir. 2004).

Additionally, plaintiff is not confined within the jurisdictional boundaries of this court and he has not stated where the incident which may form the basis of his future complaint occurred. Thus, plaintiff has failed to establish any jurisdictional basis for this court to consider his potential claim. Before the court may consider tolling the limitations period, plaintiff must file a complaint establishing the jurisdiction of this court and setting forth an actual case or controversy. Accordingly, the Clerk of Court is **DIRECTED** to forward to plaintiff a complaint form used for filing § 1983 lawsuits so he may file the complaint in an appropriate court before the expiration of the two-year limitations period. The dismissal of this action will be without prejudice to plaintiff's ability to file his claims on an appropriate form in the appropriate court.

**O R D E R**

Accordingly, plaintiff's objections are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct, and the report of the magistrate judge is **ADOPTED**. A final judgment will be entered in this case in accordance with the magistrate judge's recommendation.

**Signed this date**
Jul 15, 2019

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE